UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JUSTAN ADAMS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 1:19-cv-00030-GZS ) |
| EASTERN MAINE HOSPITAL, et al., | ) ) ) |
| Defendants. | ) ) |

**RECOMMENDED DECISION ON MOTION TO REOPEN**

This matter is before the Court on a filing of Plaintiff Justan Adams, which filing the Court construed as a second motion to reopen the case. (ECF No. 10). As explained below, following a review of the pleadings, and after consideration of the filings, I recommend the Court deny Plaintiff's motion.

**Background**

On January 11, 2019, Plaintiff filed this action against Defendants. (ECF No. 1.) On January 23, 2019, the Court issued an Order that required Plaintiff to pay the filing file or file an Application to Proceed In Forma Pauperis by February 6, 2019. (ECF No. 2). Having received no response from Plaintiff, on February 15, 2019, the Court ordered Plaintiff to show cause, by March 1, 2019, as to why he had not complied with the Court's order. (ECF No. 3.) When Plaintiff failed to comply with the Order to Show Cause, on March 12, 2019, I recommended that the Court dismiss the matter. (ECF No. 4). The Court affirmed the Report and Recommended Decision on April 4, 2019 (ECF No. 5), and

Judgment entered on the same date. (ECF No. 6). Plaintiff filed his first motion to reopen on May 3, 2019. (ECF No. 7). On May 28, 2019, I recommended the Court deny the motion. (ECF No. 9.) Plaintiff filed a second motion to reopen on May 28, 2019.

**Discussion**

Federal Rule of Civil Procedure 60 governs the Court's consideration of Plaintiff's request for relief from judgment. Rule 60(b) authorizes the Court to relieve a party from a judgment on the grounds of "(1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b), (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party, (4) the judgment is void, (5) the judgment has been satisfied; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." A party must file the motion within a reasonable time, and for grounds 1 through 3, the party must file the motion within one year of the judgment. Fed. R. Civ. P. 60(c)(1).

Plaintiff has not asserted any facts that could reasonably be construed as a mistake, newly discovered evidence, or fraud as grounds for relief. In addition, Plaintiff has not argued that the Judgment is void, that the Judgment has been satisfied, or that a related judgment has been reversed or vacated. Finally, Plaintiff's contentions do not constitute

any "other reason that justifies relief."[1]  Plaintiff, therefore, has not asserted facts that would support relief from judgment under Rule 60.

As Plaintiff's filing reflects, Plaintiff has recently filed a number of documents in connection with dismissed cases. (ECF Nos. 10-1 – 10-6.)  In addition, within the last two years, the Court has dismissed three other cases in which Plaintiff has filed motions to reopen,[2] and within the last ten years the Court has dismissed or entered summary judgment against Plaintiff in more than ten other cases.[3]  None of Plaintiff's motions to reopen have merit.  Given Plaintiff's many filings that lack merit, an order informing Plaintiff that filing restrictions "may be in the offing" in accordance with *Cok v. Family Court of Rhode Island*, 985 F.2d 32, 35 (1st Cir. 1993) is warranted.

**Conclusion**

Based on the foregoing analysis, I recommend the Court deny Plaintiff's motion to reopen the case (ECF No. 10). I also recommend the Court issue an order informing

---

[1] Examples of "other" reasons justifying relief under Rule 60(b)(6) include "settlement agreements when one party fails to comply," "fraud by the party's own counsel, by a codefendant, or by a third-party witness," and, most commonly, failure of the losing party "to receive notice of the entry of judgment in time to file an appeal."  11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure Civ. § 2864 (3d ed. 2012).

[2] The other cases consist of *Justan Adams v. Randy Adams, et al.,* 1:17-cv-00200-GZS; *Justan Adams v. Penobscot County Jail,* 1:18-cv-00446-NT; and, *Justan Adams v. Poland Spring Water Co.,* 2:17-cv-00355-DBH.

[3] Plaintiff has filed and the Court has dismissed or granted summary judgment against Plaintiff in the following cases: *Justan Adams v. State of Maine, et al.,* 1:09-cv-00304-JAW; *Justan Adams v. State of Maine,* 1:10-cv-00082-JAW; *Justan Adams v. Penobscot County Jail Officer, et al.,* 1:12-cv-00219-NT; *Justan Adams v. David Miller, et al.,* 1:13-cv-00413-JAW; *Justan Adams v. State of Maine,* 1:14-cv-00043-JAW; *Justan Adams v. Dennis Townstead, et al.,* 1:14-cv-00049-JAW; *Justan Adams v. Valerie Bragg,* 1:14-cv-00063-JAW; *Justan Adams v. State of Maine Society Office, et al.,* 1:14-cv-00064-JAW; *Justan Adams v. State of Maine Co Workers, et al.,* 1:14-cv-00072-JAW; *Justan Adams v. Randy Adams, et al.,* 1:17-cv-00200-GZS; *Justan Adams v. Penobscot County Jail*, 1:18-cv-00446-NT; and *Justan Adams v. Eastern Maine Hospital, et al.,* 1:19-cv-00030-GZS.

Plaintiff that filing restrictions "may be in the offing" in accordance with *Cok v. Family Court of Rhode Island*, 985 F.2d 32, 35 (1st Cir. 1993).

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 6th day of June, 2019.